Dewey *v*. Hoag.

---

## DEWEY *vs*. HOAG.

Where a recovery is attempted to be resisted by interposing an equitable counter claim in the nature of a crossbill, the ordinary mode of stating the agreement in a bill in chancery, is sufficient, *it seems*.

Although, under the code, as amended, the action of ejectment may be met by an equitable title of the defendant, and a claim for a conveyance of the legal estate; yet, in order to defeat a recovery, the defendant must become an actor in respect to his claim; and his answer must contain all the elements of a bill for a specific performance; and he must ask and obtain affirmative relief.

The judgment must be for the plaintiff, that he recover the land; or for the

Dewey *v.* Hoag.

defendant, that the plaintiff convey to him, on such terms as the court shall adjudge.

An answer, in an action of ejectment, which sets up an agreement between the parties, in respect to the premises, and alleges that the defendant has offered to perform, and has always been and is ready and willing to perform; but in which the defendant does not offer to perform, nor ask that the plaintiff be required to perform, nor claim any judgment except for costs, is defective.

This was an action to recover the possession of the undivided third part of a lot of land formerly owned by Charles Dewey, deceased, late the husband of the plaintiff, of which the complaint alleged he died seised and possessed; the plaintiff claiming to be entitled to an undivided third of said lot, in virtue of her right of dower. The answer contained a general denial of the facts set forth in the complaint, and alleged that prior to the month of June, 1848, the defendant was the holder or owner of a certain mortgage, executed by Charles Dewey, deceased, to Daniel Sweet, which had been assigned to the defendant, and which mortgage was a lien upon the premises described in the complaint; that the defendant caused the same to be foreclosed, under the statute, and the premises were sold under the foreclosure, on the 27th of June, 1848. That shortly before the sale took place, and on the same day, the plaintiff, being desirous to purchase the mortgaged premises, and not being able to procure the money to pay for the same, it was agreed between her and the defendant, that the latter should bid on the premises, at the sale, in his own name, but for the benefit and as the trustee of the plaintiff, the amount of principal and interest due upon the mortgage, with the costs of foreclosure, and that he would purchase the premises at that price, unless a greater sum should be bid by some other person; and that he would convey the premises within a reasonable time, upon her paying him the sum of $200, immediately, and executing and delivering to him a bond and mortgage upon said premises, for the balance of the money at which the plaintiff should bid the premises off, payable at some future time thereafter. The defendant then averred that in pursuance of the said agreement, he attended the sale, and bid off the premises at the sum of $      , in his own name

Dewey *v.* Hoag.

but as the trustee or agent of the plaintiff, and for her benefit. That the plaintiff, immediately after the sale, paid to the defendant the $200 agreed to be paid down, and took a receipt therefor; and that she thereupon went into possession of the premises, and received the rents and profits thereof. That the defendant caused a deed of the said premises to be made out and executed and acknowledged, by himself and wife, ready to be delivered to the plaintiff, in pursuance of the agreement, and that he tendered and offered to deliver the same to the plaintiff, upon her executing and delivering the bond and mortgage specified in the agreement; and that he, the defendant, had been, ever since, and still was, ready and willing to deliver such deed, upon her performing her part of the agreement. But that the plaintiff had always neglected and refused, and did still neglect and refuse, to execute the said bond and mortgage. That the plaintiff had refused to accept a conveyance and carry out the contract, but had voluntarily surrendered the possession of the premises to him, the defendant, and that he had ever since retained, and still retained, the possession thereof. The defendant denied that the plaintiff had any interest in the premises other than that acquired under the purchase at the foreclosure sale; or that she had any claim against the defendant other than by virtue of the agreement between the parties. And the defendant averred his readiness to perform the agreement, on his part, according to its spirit and intent; and claimed judgment for costs.

The plaintiff demurred to the answer, and assigned the following causes: 1. That several defenses had been improperly united. 2. That the answer did not state facts sufficient to constitute a counter claim, or defense. 3. That the agreement set up in said answer was void; being by parol. 4. That the agreement was rescinded by the mutual agreement of the parties. 5. That the trust created by the agreement was void; not being in writing, or for the purposes authorized by law. 6. That the agreement was without consideration; and the cause of action set forth in the complaint could not be affected or impaired by it. 7. That the answer set up matter looking to affirmative relief; which could not be done by way of defense in this action.

8. That it set up matters of evidence and law, and was therefore insufficient. 9. That it was bad for duplicity. 10. That the plaintiff was remediless under the agreement; and whatever the defendant was entitled to by virtue of the same did not constitute an answer to this action. 11. That it was disconnected with the subject matter of the complaint, and irrelevant and immaterial; and pretended to answer the whole complaint, and failed to do it. 12. That the reception of the rents and profits or damages for the breach of the agreement, could not be recouped or set off or interposed as a defense in this action.

*Wait & Parry*, for the plaintiff.

*A. G. Paris*, for the defendant.

HAND, J. The answer does not state that the alleged agreement for the sale and purchase of the land was not in writing. The statute of frauds, at law, did not alter the form of declaring upon a contract. That is matter of evidence. (1 *Saund. R.* 211, *n.* 2. *Elting* v. *Vanderlyn*, 4 *John.* 237. *State of Ind.* v. *Woram*, 6 *Hill*, 33. *Gibbs* v. *Nash*, 4 *Barb.* 449.) And the rule was the same in setting up an agreement in a bill of complaint. (*Cozine* v. *Graham*, 2 *Paige*, 177. *Champlin* v. *Parish*, 11 *Id.* 405.) It has been said, that if the *defendant* pleads in bar any agreement which is required by the statute to be in writing, he must state it to be so. (1 *Saund. R.* 211 *a*, *n. l. Id.* 277 *a*, *n.* 2.) For the defendant shall not take away the plaintiff's present action and not give him another, upon the agreement pleaded. (*Case* v. *Barber*, *T. Raym.* 450; *S. C.* 1 *Vin.* 378. 1 *Chit. Pl.* 270, 464. *And see Rob. on St. of Frauds*, 203, *n.* 88 *a*.) The reason assigned for this rule does not seem to be very satisfactory; and I am inclined to think, that where a recovery is attempted to be resisted by interposing an equitable counter claim in the nature of a cross-bill, the ordinary mode of stating the agreement in a bill of complaint in chancery, is sufficient.

But admitting the agreement between the parties, as set forth

in the answer, to have been in writing, and that the plaintiff furnished the money to bid off the property; as there was an express agreement for purchase and sale, I think there was no resulting trust, even if a writing would take the transaction out of the statute in relation to resulting trusts.    (1 R. S. 728, § 51.) If it gave to the plaintiff an executed use, so as to convey the legal estate, of course it would have been fatal to the defendant; as he could not object that the plaintiff demanded only one-third for life, instead of the whole in fee.    There would be a misdescription of title, both as to the nature of the estate and the quantity of interest; but the defendant could not have claimed judgment on that ground.    It would be no answer to the complaint that the plaintiff did not claim enough.    In his points, the counsel for the plaintiff takes it for granted that the agreement was merely verbal.    If that be the fact, not only did the plaintiff take no legal interest, but the agreement was void. (2 R. S. 134, 5, § 68.)    There could be no resulting trust in favor of the plaintiff.    (Id. 728, § 51.)    There is no pretense that the defendant took the deed in his own name without the consent or knowledge of the plaintiff, or in fraud of her rights.    (Id. § 53. Lounsbury v. Purdy, 11 Barb. 490.)    On the contrary, according to the answer, it was by mutual understanding.

But admitting a court of equity would, in a suit for that purpose, enforce a specific performance of this agreement, it is insisted that the answer contains an equitable defense or counterclaim.    I do not understand there is any equitable defense, simply as a defense in an action of ejectment.    The effect of that might be to keep the legal title and the possession forever separate.    Under the code as amended, it is said the action may be met by an equitable title of the defendant, and a claim for a conveyance of the legal estate.    (Code, §§ 150, 274.    Haire v. Baker, 1 Seld. 357.)    The legislature may have intended, and probably did, to go to that extent; and though the practice will sometimes be embarrassing, and there may be some doubt as to final costs, in many cases complete justice may be done in one suit.    But if that is now the correct practice, to defeat a recovery the defendant must become an actor in respect to his claim;

---

Dewey *v.* Hoag.

---

and his answer must contain all the elements of a bill for a specific performance; and he must ask and obtain affirmative relief. The judgment must be for the plaintiff, that he recover the land; or for the defendant, that the plaintiff convey to him, on such terms as the court shall adjudge.   A mere judgment for the defendant that the plaintiff take nothing by his action, would not be consistent with the pleadings, for such an answer admits legal title in the plaintiff.   In this case the defendant alleges that since the sale he had offered to perform, and has always been and is ready and willing to perform; but he does not offer to perform, nor ask that the plaintiff be required to perform; and claims no judgment except for costs.

There is also an objection on the merits, that is conclusive, to this part of the answer.   The right of the plaintiff to dower, it is not pretended was or could have been sold upon the foreclosure.   There was no agreement for the purchase of that; and if there had been, it would have been without consideration, for the plaintiff was already entitled to it; and that is all she now claims.   And again; a cause of action arising out of a contract to purchase the remaining interest in the property, does not arise out of any contract or transaction set forth in the complaint as the foundation of the plaintiff's claim; nor is it connected with the subject of the action; nor is the action on contract.   (*Code,* § 150.   *And see Bogardus* v. *Parker,* 7 *How. Pr. R.* 303.)   Indeed, a defense or counter-claim, in an action of ejectment, that the defendant had agreed to convey to the plaintiff, would be absurd.

According to *Cochran* v. *Webb,* (4 *Sandf. S. C. R.* 653,) it was erroneous to deny the plaintiff's legal title, and also set up an equitable defense looking to affirmative relief.   One of the reasons there given is, that the issues are to be tried differently. This objection, however, was not taken by the demurrer, or on the argument.

The demurrer must be sustained, with leave to the defendant to amend on payment of costs.

[SARATOGA SPECIAL TERM, June 6, 1853.   *Hand,* Justice.]