## Stone *vs.* Sprague.

An executory contract, for the sale and purchase of land, was made between the plaintiff and defendant, by which the latter was to have the occupation and possession of the premises, so long as he should fulfill and comply with the stipulations of the contract. But if he should make default, then the agreement should be void, and the plaintiff was to be at liberty to immediately enter into the possession and occupancy of the premises, and was to be forever discharged from the agreement. *Held* that upon a breach of the contract by the defendant, the plaintiff had a right to enter, without notice, or demand of possession.

The agreement also provided that on the payment of $745, in five years, with annual interest, the defendant should be entitled to a deed. On the day before the time for payment expired, the defendant tendered the plaintiff the amount, in specie, and requested a deed. The plaintiff replied that he would not receive any thing, nor give a deed; placing his refusal upon the ground that he had not enjoyed such privileges, in the house, as he ought to have had, and saying that he and the defendant must settle, and he would not give any deed till they did. The parties then agreed to leave the question as to damages, to M. and W., and the plaintiff agreed to see W. and ascertain when he could attend to the matter. An indorsement was then made upon the contract, signed by the plaintiff but not under seal, extending the time of payment to the 25th of April. On or about that day the money was again offered to the plaintiff and a deed requested. He again refused to receive the money, or to convey; saying he had not been able to get W. to attend to it: another indorsement was then made on the contract, extending the time of payment to the 15th of May. A few days before the 15th of May the defendant again tendered the money to the plaintiff, if he would execute a deed; which was refused. *Held* that the defendant had substantially complied with the terms of the agreement, so as to be entitled to a deed for the premises; and that, the defendant having been prevented from performing the contract, at the day, by the act of the plaintiff, the latter could not be allowed to take advantage of his own wrong, by insisting that the time for performing the agreement by the defendant had expired.

*Held also*, that proof that at the time of the last tender, and at other times, the plaintiff agreed by parol, with the defendant, not to take advantage of the expiration of the contract, saying that the lapse of a few days would not make any difference with him; and that the money, together with a deed, ready to be executed by the plaintiff, were tendered, on the 18th of May, three days after the expiration of the time, as last extended, was proper evidence, and ought to have been received.

The *time* for performing a written contract under seal, may be enlarged by parol.

A strictly legal tender may be waived, by an absolute refusal to receive the money, or do the act required. This is upon the principle that no man is bound to perform a nugatory act.

Where there is a mutual obligation on a purchaser to pay the purchase money,

and on the vendor to convey the property purchased, an offer and readiness to perform on the part of the purchaser, is sufficient, without tendering a deed ready to be executed by the vendor; especially where the vendor refuses to convey at all.

THIS was an action of ejectment, brought to recover a lot of land at Port Henry, in the county of Essex. The action was tried at the circuit in that county in July, 1854. The plaintiff's counsel introduced in evidence the counterpart of the agreement, a copy of which it was admitted was contained in the answer. That agreement was dated the 9th day of April, 1848, and was executed by the parties. The plaintiff agreed to sell, and the defendant to purchase, the lot in question, and upon which it was recited therein the defendant had erected a brick dwelling house, for the sum of $742,47, to be paid in five years from the date, with annual interest. The defendant was to be at liberty to possess and occupy the premises so long as he complied with " all the stipulations and agreements to be performed on his part, and no longer." The plaintiff agreed to execute and deliver to the defendant a warranty deed of the premises, on payment of the principal and interest, in the manner and at the times mentioned in the agreement; but in case of default in the payment of the principal and interest, at the time or times when they became due, or of failure in the performance by the defendant of any of the conditions of the agreement, it was to become null and void, and the plaintiff was to be at liberty to immediately enter into the possession and occupancy of the premises and to be forever discharged from the agreement. The plaintiff was to have the right to occupy the brick part of the house on the lot, as he then occupied it ; and so long as he so occupied it, he was to allow the defendant the interest of the principal sum to be paid for the premises, as rent. There were other stipulations contained in the agreement, which was under seal, but it is not necessary to recite them here. The plaintiff proved that he had occupied the brick part of the house on the premises described in the agreement, before and since the date of the contract, up to the time of trial, and that the defendant had been in possession of

Stone *v.* Sprague.

the remaining part of the said premises, and that the value or yearly use of said part, was worth $50 a year.

The plaintiff having here rested, the defendant's counsel moved for a nonsuit on the following grounds : 1. That the plaintiff had failed to prove a cause of action. 2. That the plaintiff should have shown a demand of the possession of the premises, previous to the commencement of this action. 3. That the defendant was entitled to notice to quit. The motion was overruled by the court, and the defendant's counsel excepted. The defendant then proved the execution by the plaintiff of two several extensions of the agreement, which were indorsed on the counterpart held by the defendant, and which were read in evidence. The first was as follows : " I hereby agree to extend all the conditions of payment, and other matters within contained, to the 25th of April, 1853. Port Henry, April 8, 1853." (Signed by the plaintiff.) The second extension read thus :

" I hereby agree to further extend all the conditions of payment and other matters within contained, from the 25th of April, 1853, to the 15th of May, 1853. Port Henry, April 23, 1853." (Signed by the plaintiff.)

Chilion A. Trimble, a witness for the defendant, testified as follows : " Defendant engaged me to raise the money and fulfill the contract with the plaintiff, and was to give me security on the place. I had raised the funds, and went up the day before the original contract expired, and had an interview with the plaintiff, at which the defendant was present. I told the plaintiff I had the specie to pay up the contract, and asked him if he would receive it and give a deed. He said he would not receive any thing, nor give a deed. He seemed to complain that he had not had such privileges as he ought to have, in the house. He said they must settle, and he would not give a deed till they did. I suggested to them that they had better settle or leave it out to men. They agreed to leave the question as to damages to Samuel Murdock and James S. Whallon. The plaintiff said he would see Whallon, and see at what time they could attend to it. I asked the plaintiff if he should insist on the specie, and he said he would not." The witness fur-

ther testified that he went and saw the plaintiff, at the time the first extension ran out; that he had the money, and again offered to pay it to the plaintiff, but he refused to receive it. He said he could not get Whallon to attend to settle the question. The witness told him he had the money ready for him, and he could have it at any time when he would give a deed. He refused to take the money, and made the second extension. A few days before the time expired of the last extension, the witness again offered to pay the plaintiff the money, but he again refused to receive it. The defendant's counsel here offered to show that the plaintiff, in view of the delay in obtaining Whallon to attend to the settlement of the damages, agreed with the defendant, by parol, not to take advantage of the expiration of the contract, and said that the lapse of a few days would make no difference; that all he wanted was his money. This offer was objected to, and rejected by the court, on the ground that the agreement was by parol, and the defendant's counsel excepted. The defendant's counsel then offered to show that on the 18th day of May, 1853, the defendant tendered to the plaintiff $745 in money, and a blank deed covering the premises, and demanded its execution, and that the plaintiff refused to receive the money and execute the deed. This offer was objected to, by the plaintiff's counsel, and rejected by the court, and the defendant's counsel excepted. The defendant's counsel then produced in court $745 in specie, being the money before offered to the plaintiff, and offered to deposit the same, subject to the direction of the court; which offer was objected to, and overruled by the court, and the defendant's counsel excepted.

The court then charged the jury that the plaintiff was entitled to recover, and that the evidence given by the defendant did not entitle him to any relief whatever; and directed the jury to find a verdict for the plaintiff for the possession of the premises, and damages at the rate of $50 a year, for the use of the premises. The defendant excepted, and the jury found a verdict according to the direction of the court. The case now

Stone *v.* Sprague.

came up on a bill of exceptions, and a motion was made for a new trial.

*A. R. Waldo* and *O. Kellogg*, for the plaintiff.

*J. P. Butler* and *H. H. Ross*, for the defendant.

*By the Court*, C. L. ALLEN, P. J. I do not think the defendant was entitled to notice to quit. The case of *Doolittle* v. *Eddy*, (7 *Barb.* 74,) decided in this district, establishes the proposition, if it was not settled by previous cases, that an executory contract for the sale and purchase of land, giving to the purchaser a right to enter and possess the premises until default in the payment of the purchase money, without any reservation of rent, or fixed time, is, as respects the possession, a license and not a lease, and the relation of landlord and tenant does not exist. The defendant here was to have the occupation and possession of the premises as long as he should fulfill and comply with the stipulations of the contract. But if he should make default then the agreement should be void, and the plaintiff was to be at liberty " to *immediately* enter into the possession and occupancy of the premises and was to be forever discharged from the agreement." The case does not differ, in this particular, from the one cited; and if the contract was broken on the part of the defendant, the plaintiff had a right to enter without notice, or demand of possession.

The material and important question in this case is, whether the defendant had not substantially complied with the terms of the agreement, so as to be entitled to a deed for the premises. The agreement provided that on the payment of $745 in five years, with annual interest, the defendant should be entitled to a deed; and if the plaintiff continued to occupy the brick part of the dwelling house, such occupation was to be considered as equivalent to the interest, by way of rent. There is no dispute as to the fact of occupation. It was proved, and indeed seemed to be conceded, on the trial, that the plaintiff had occupied this part of the dwelling house, from the time of executing the

agreement to the commencement of this action.　Consequently the interest was paid, and it was only necessary for the defendant to pay the principal sum, at the time appointed in the contract, to entitle him to a deed of the premises in question.　The testimony is that on the day before the time for payment expired, an interview was had with the plaintiff, during which the amount was tendered, in specie, and a deed requested.　He replied that he would not receive any thing, nor give a deed.　Here then was an absolute tender of the money, a refusal to receive, and to execute a conveyance.　It is true no deed was offered by the defendant, at that time, ready for execution.　But that was not necessary, and if it had been, the general rule that a strictly legal tender may be waived, by an absolute refusal to receive the money or do the act required, clearly applies, on the principle that no man is bound to perform a nugatory act.　Where there is a mutual obligation on a purchaser to pay the purchase money, and on the vendor to convey the property purchased, an offer and readiness to perform on the part of the purchaser, is sufficient, especially where the *vendor refuses to convey at all.* (*Bellinger* v. *Kitts*, 6 *Barb.* 273.)　It appears to me that upon this part of the case alone, sufficient is shown to defeat the plaintiff's right of recovery.

But the plaintiff insists that his refusal to convey at that time, was based upon the fact that he had not enjoyed such privileges in the house as he ought to have done.　He said they must settle, and he would not give a deed till they did.　There was no proof, nor was any complaint of that kind urged or pretended on the trial.　The parties, however, agreed to leave the question as to damages to Samuel Murdock and James S. Whallon, and the plaintiff was to see Whallon, and ascertain when he could attend to the matter.　The first indorsement was then made upon the contract, and signed by the plaintiff, but not under seal, agreeing to extend the time of payment from the 9th to the 25th of April, 1853.　This was done, undoubtedly, to enable the arbitrators to determine in the meantime, as to what amount of damages, if any, the plaintiff was entitled to.　On the 25th of April, or about that time, the money was again offer-

Stone v. Sprague.

ed to the plaintiff and a deed requested. He refused to receive the money or to convey. He said he had not been able to get Whallon to attend to it, and then indorsed another extension of the time of payment to the 15th of May following, which would be Sunday. A few days before the 15th, the plaintiff was again offered his money, if he would execute a deed, which he refused. The defendant offered to show that at this time, and at others, the plaintiff, in view of the delay in procuring Whallon to attend to the settlement of the damages, agreed by parol, with the defendant, not to take advantage of the expiration of the contract; and that he stated to the defendant that the lapse of a few days would not make any difference with him. And the defendant proposed to follow up that proof by showing a tender of the money, and of a deed ready to be executed by the plaintiff, on the 18th of May, 1853, three days after the expiration of the time by the last extension. This testimony was objected to by the plaintiff and rejected by the judge, on the ground that the agreement was by parol. And he seems to have regarded the extension of time as entirely void, because *not under seal,* as he charged the jury that the evidence on the part of the defendant was wholly insufficient to constitute a defense, and that the plaintiff was entitled to recover.

I think the learned justice erred. It has repeatedly been decided that the *time* of performing a written contract under seal may be enlarged by parol. In the case of *The Mayor &c. of New York* v. *Butler,* (1 *Barb. S. C. Rep.* 325, 337,) the court remarked that such an extension is in effect a *waiver* of a strict performance of the conditions of the contract; that no party can insist upon a condition precedent, when its non-performance has been caused by himself; that there may be an effectual waiver by parol of a condition specified in a written or even a sealed contract. " It is a sound principle," says Ch. J. Thompson in *Fleming* v. *Gilbert,* (3 *John.* 528,) " that he who prevents a thing being done, shall not avail himself of the non-performance he has occasioned." The case of *Wiswall* v. *Mc-Gown,* (2 *Barb. S. C. Rep.* 270,) relied upon by the plaintiff's counsel, does not militate against this doctrine. The court say,

in that case, that courts of equity will interfere in favor of parties who were not ready to perform their agreement at the day, where a party has failed, through some unforeseen accident, *or where there is something indicating a waiver of the objection,* by the other party. But the case of *Esmond* v. *Van Benschoten,* (12 *Barb.* 366,) adjudicated in this district, settles this question beyond dispute, and decides that "*it is competent for parties on the expiration of a sealed contract,* to enlarge the time for performance by parol."

The extension of the time here was occasioned by the plaintiff. The defendant was ready, at the day appointed, to pay the money and receive his deed. The plaintiff refused, and indorsed an extension of the time of payment on the contract, to enable him in the meantime to procure the services of Mr. Whallon, in assisting Mr. Murdock to ascertain the amount of damages to which he was entitled. He failed on his part to procure such attendance. He suffered the time again and again to elapse for the fulfillment of the contract, and finally attempted to shield himself under the technicality that the time for performance of the contract had expired ; that the agreement to extend it was not under seal, and was without consideration and void ; and that the tender afterwards made, which he admits was sufficient as to amount, was too late. In my judgment, to allow these allegations to avail, would be to permit the plaintiff to take a most unjust advantage of his own wrong, and contrary to all the cases bearing upon the question. The plaintiff was not entitled to recover, and should at least have been nonsuited, if the defendant was not indeed entitled to the affirmative relief which he demands in his answer.

It is objected that the answer is not sufficient for that purpose. If this were so, I should be inclined to permit the defendant to amend, as I consider his claim for relief clear and well founded. In actions of a legal character it now seems to be well settled that any defense, whether legal or equitable, may be interposed. That the same facts which would formerly have entitled a defendant to be relieved in equity may be set up in his answer as a full defense. (*Dobson* v. *Pearce,* 1 *Duer,* 142. 8 *How.* 416.

Stone *v.* Sprague.

1 *Whitt.* 507 *and cases cited.  Haire* v. *Baker*, 1 *Selden's Rep.* 357.)

This court said, in *Dewey* v. *Hoag*, decided at May term, 1854, on appeal from the decision of Justice Hand, (15 *Barb.* 365, 369,) that in order to avail himself of an equitable defense, " the defendant must become an actor in respect to his claim, and his answer must contain all the elements of a bill for a specific performance, and he must ask and obtain affirmative relief. The judgment must be for the plaintiff that he recover the land, or for the defendant that the plaintiff convey to him on such terms as the court shall adjudge." In that case the defendant claimed *no affirmative relief*, and leave was given to him to amend. The court, however thought that the cause of action did not arise out of the contract or transaction set forth in the complaint. Here the defense wholly arises out of the contract under which the defendant went into possession of the premises, and for a breach of which the plaintiff now seeks to recover possession. The defendant therefore brings himself within the 1st subdivision of sec. 150 of the code, and is entitled to avail himself of the defense which he sets up. The case of *Foot* v. *Hadaway*, relied upon by the plaintiff, does not impugn the decision in *Dewey* v. *Hoag*, but coincides with and affirms it.

I do not say that the answer is insufficient. I am rather inclined to think that it is not. Be that as it may, I am of opinion that a new trial should be granted, with costs to abide the event. The defendant should have leave to amend his answer, if he deems it necessary. And unless the proof should materially differ from that produced on the former trial, the plaintiff should be adjudged to convey to the defendant the premises in question, on payment of the sum mentioned in the contract.

Judgment accordingly.

[St. Lawrence General Term, September 3, 1855. *C. L. Allen*, *Bockes* and *James*, Justices.]