LOMBARD VS. COWHAM.

REAL ESTATE: FRAUDULENT CONVEYANCE.  (1) *Legal title may pass by fraudulent conveyance, subject to equitable interest in third party by reason of fraud.* (2) *Void deed a legal defense in ejectment; question for jury under general issue.* (3, 4) *If deed not void, fraud must be set up as counterclaim, and determined by court.*

AMENDMENT: (5) *Of answer, after decision of cause on appeal to this court.*

1. Where land of an intestate had been sold and conveyed to A. by the administrator without authority of law, so that the title remained in the heir, and B. obtained a conveyance from the heir for a nominal consideration, by fraudulently representing that he was procuring it for the benefit of A., and to cure the defects in his title: *Held,*

   (1.) That the *legal title passed* by such conveyance from the heir to B.

(2) That A., or one claiming under him, had an *equitable interest* in the land by reason of such fraud.

2. If the deed to B. were *void* by reason of such fraud, that would be a *legal* defense to an action of ejectment by B. against A.'s grantee, and the question of fraud would be one for the jury, under a *general denial* in the answer.

3. But such deed not being void in law, defendant cannot avail himself of the fraud as a defense at law under a general denial, but must set it up by *counterclaim* as a ground of positive relief *in equity;* and the issue thus made must be determined *by the court.*

4. Where, therefore, the court admitted evidence of the alleged fraud under a general denial, and instructed the jury that if plaintiff's deed was procured by such fraud it was void, and he had no title, a judgment upon a verdict in defendant's favor must be reversed.

5. Before a new trial, in such case, defendant should be permitted, on such terms as the court below may deem just, to amend his answer, so as to interpose such equitable defense and counterclaim.

ERROR to the Circuit Court for *Winnebago* County.

This action below was brought by *Lombard* to recover the undivided one-half of an eighty acre lot situated in the county of Fond du Lac. The complaint is in the usual form of complaints in actions of ejectment. The answer is, 1st. A general denial ; 2d. The statute of limitations ; and 3d. An estoppel. The circuit court seems to have held that the special answers were defective, and that no testimony was admissible on behalf of the defendant, except such as was admissible under the general denial alone.

It appears that the land in controversy was purchased of the government, in 1847, by one Andrew Merritt, who died intestate and seized of such land, in 1855, leaving his two sisters, Polly A. Little and Betsey R. Clark, his sole heirs-at-law. The plaintiff claims title under a conveyance from Betsey R. Clark, executed in 1870 ; and the defendant claims title under a conveyance executed in 1856 by the administrator of the estate of Andrew Merritt to one Ackerson, and mesne conveyances from the latter to the defendant.

The estoppel pleaded, or attempted to be, is to the effect

that the purchase money paid by Ackerson for the land was used to pay the debts of the intestate chargeable upon the estate, and, a surplus remaining after paying such debts, the same was distributed to the heirs; and that Mrs. Clark, with full knowledge of all the facts, received her portion of the surplus and retains the same; and further, that the plaintiff is chargeable with notice of the foregoing facts when he took a conveyance of the land from Mrs. Clark.

The court (under objection) admitted testimony tending to show that the plaintiff procured such conveyance by fraudulently representing to Mrs. Clark that he desired it for the benefit of the purchaser at the administrator's sale, and to cure certain defects in his title; and that she executed the same for a nominal consideration, and for the sole purpose of confirming and ratifying the title of such purchaser. These facts are not stated in the answer.

The following instruction was asked on behalf of the plaintiff, and refused: "In this action, under the pleadings, you cannot consider any equities of the defendant. The legal title must prevail over any equitable claim or title." The court instructed the jury as follows: "There is in this action and upon this testimony but one question for your determination, and that is the question whether the deed under which the plaintiff claims from Betsey R. Clark, was fraudulently procured by the plaintiff or his agent. If it was procured by fraudulent representations that the plaintiff or his agent was obtaining this deed for the benefit and for the purpose of supporting the title of the grantee in the administrator's deed and those holding under him, and you believe that to be true from the testimony in this case, that deed is void, the plaintiff has no title, and the defendant is entitled to your verdict."

The jury returned a verdict for the defendant; and judgment pursuant thereto was duly entered and perfected against the plaintiff; who brought the case to this court by writ of error.

*E. S. Bragg*, for plaintiff in error, conceded that under a general denial defendant might prove anything tending to defeat plaintiff's title, subject to the qualification that the defect must be of such a character as to invalidate the title between the parties to the action. In other words, the defect must be such as to avoid the title, not only between the parties thereto, but as to the whole world, or else the party seeking to avail himself of the defense must be such a privy to the party who made the deed, that he can allege the facts which will avoid it. In this case defendant has no estate in the land derived from plaintiff's grantor, nor is he privy in blood to her. There never was any relation between plaintiff and defendant, or between them and the witness Clark, to create a trust. Defendant has not even offered to pay the plaintiff for his expense in getting the title, which he claims plaintiff holds as trustee for him. Moreover, the court below charged, in case the statement of the witness Mrs. Clark was believed, not that the defendant had an equitable title, but that the deed was *void.* Under such void deed, how does the relation of trustee attach?

*Felker & Weisbrod*, for defendant in error, argued that under a general denial in ejectment defendant could prove anything tending to defeat the title set up by plaintiff. 23 Wis., 224–228. And in cases of fraud equity and law have concurrent jurisdiction. 1 Story's Eq. Jur., § 60. Defendant was therefore entitled as well to show that the deed of Betsey R. Clark was fraudulently obtained, and was a fraud upon him, in an action at law under a general denial, as though he had set up the matter specially, and sought the interposition of a court of equity. It was a gross fraud upon defendant for plaintiff to obtain the deed from Betsey R. Clark by representing that he was acting in behalf of defendant, and was sufficient to avoid the deed. At least, plaintiff would be held to be trustee for defendant. *Onson v. Cown*, 22 Wis., 329; *Schedda v. Sawyer*, 4 McLean, 181; 1 Story's Eq. Jur., § 256. It was for the jury to say, upon the whole evidence, whether the deed was

obtained by the fraud of plaintiff; and that question was fairly submitted to them by the court.

LYON, J.   It seems to be conceded that the proceedings in the probate court preliminary to the sale and conveyance of the land in controversy, by the administrator of the estate of Merritt to the grantor of the defendant, are so defective and irregular that they will not support a conveyance, and hence, that the administrator's deed is void. If that deed is void, the legal title to an undivided half of the land was in Mrs. Clark until she conveyed to the plaintiff in 1870.   The circuit court held that if the plaintiff or his agent procured the conveyance from Mrs. Clark by fraudulently representing to her that he desired it for the benefit of the grantee in the administrator's deed, or those claiming under such grantee, and if Mrs. Clark executed the conveyance with the intention and for the purpose of ratifying and confirming the title of those holding under the administrator's deed, the conveyance to the plaintiff is void, and the title still remains in Mrs. Clark.   We think that this is an error, and that at least the *legal* title passed to the plaintiff by virtue of such conveyance.

But, assuming that the plaintiff obtained his title by the fraudulent means just mentioned, is the defendant affected by that fact, and can he claim an equitable interest in the land in controversy by reason of the alleged fraud?   We think this question has been determined by this court in the case of *Onson v. Cown*, 22 Wis., 329.   That, also, was an action of ejectment. The defense was, that the land in controversy was school land ; that the defendant once held a certificate therefor from the state, which became forfeited for nonpayment of interest, and the land was resold to one Keyes ; that Larson, the grantor of the plaintiff, applied to Keyes to purchase the land, and stated that he desired to do so for the benefit of the defendant; and that thereupon Keyes assigned his certificate to Larson, who paid for the land and took a patent therefor from the state.   There

had been no previous arrangement between Larson. and the defendant concerning the land. The answer contained a counter-claim, and demanded that the plaintiff be adjudged to convey the land to the defendant. This was held to be a good defense and counterclaim; and the facts therein stated having been proved, the plaintiff (who had notice of such facts when he took his conveyance) was compelled to convey the land, to which his grantor had thus fraudulently obtained title, to the defend-ant. There were some equities to be adjusted in that case which do not exist here. The principle applied in that case is thus stated in Perry on Trusts, § 172 : " If a purchaser at auc-tion or otherwise represents that he is purchasing or bidding for some other person, as for the debtor in a sale under an exe-cution, or for the mortgagor in a sale under a foreclosure, or for the family under an executor's or administrator's sale, and com-petition is thus prevented, and the sale is made on his own terms, equity will decree that such person shall be a trustee for the person for whom he represented that he was acting."

It will be observed that conveyances thus obtained are not declared void, but are held to pass the legal estate to the grantee, but subject, in equity, to a trust in favor of him for whom the grantor professed to act, coextensive with his profession or rep-resentation in that behalf.

But it may be argued that it is quite immaterial in this case whether the conveyance to the plaintiff be held void, or whether it be held valid to pass the legal title, with a trust ingrafted upon it in favor of the defendant, inasmuch as, in either case, the plaintiff must fail in his action ; and hence, that the judg-ment should not be reversed because the court erred in the in-struction that the conveyance was void if obtained by means of the fraudulent representations stated in the charge. A little reflection will satisfy the mind that the argument is unsound. The error is not immaterial. Were the conveyance to plaintiff void in the contingency mentioned, the question of the exist-ence of such contingency would be one of fact for the jury to

determine, and would doubtless be available to the defendant, as a defense, under the pleadings.    To prove that the conveyance under which the plaintiff claims title is void, is merely one method of proving that the title to the land in controversy is in some third party.    This is strictly a legal defense, is admissible under the general denial, and, when proved, defeats the action.

But the conveyance being a valid one to pass the legal title to the plaintiff, the defense that it enures to the benefit of the defendant is purely an equitable defense, in that, if established, it results in the declaration and enforcement of a trust, which is a matter cognizable in courts of equity alone.    The issue upon such a defense, if affirmative relief is demanded by the defendant, is triable by the court, unless the court shall order the same to be tried by a jury, as it may order questions of fact to be so tried in other equity cases, in its discretion.    Tay. Stats., 1494, § 6.    But in such case the verdict does not have the same force and effect as verdicts in actions at law.    It is not binding upon the judgment of the court, and if unsatisfactory and against the weight of testimony, the court may set it aside and order a new trial of the issue, or may vacate the order awarding a jury trial, and decide the issue without the intervention of a jury.    *Jackman's Appeal*, 26 Wis., 104.    That the court should retain this plenary control over verdicts in equity cases where jury trials are awarded, is a material and valuable right of the parties.    Hence, an error which results in depriving the court of that power, must necessarily be a material error.

The counsel for the defendant, evidently perceiving the difficulty, argue in their brief that in cases of fraud, equity and law have concurrent jurisdiction.    In some cases of fraud this is true, but it is not true as a general proposition.    We apprehend that the learned counsel would be at a loss how to proceed, in order to procure in an action at law a declaration and enforcement of the trust which may result to their client by

reason of the alleged fraud of the plaintiff in procuring his conveyance.

The defense, being an equitable one, to be available in an action of ejectment, must be set up in the answer, and be accompanied by a demand for such relief as the defendant supposes himself entitled to. Tay. Stats., 1667, § 7 (R. S., ch. 141, sec. 7). A mere equitable defense is not sufficient. There must be a counterclaim also. The statute was doubtless intended to avoid the difficulty suggested by HAND, J., in *Dewey v. Hoag*, 15 Barb., 365. He says: "I do not understand there is any equitable defense, simply as a defense, in an action of ejectment. The effect of that might be to keep the legal title and possession forever separate." (p. 369.)

The court erred, therefore, in admitting, under the pleadings, testimony tending to show that the plaintiff procured his conveyance by representing to Mrs. Clark, his grantor, that he desired it for the benefit of the purchaser at the administrator's sale, or those claiming under him. There must be a new trial; but, under the circumstances, the defendant should be permitted, on such terms as the circuit court shall deem just, to amend his answer so as to interpose such equitable defense and counterclaim.

The case of *Kent v. Agard*, 24 Wis., 378, does not conflict with the foregoing views. It was there held that in an action of ejectment a party may show, without specially pleading the fact, that a conveyance, absolute on its face, is a mortgage, and that the debt which it was given to secure has been paid. There is no doubt of the correctness of that decision; and it is perfectly clear that it is not applicable to this case.

*By the Court.* — Judgment reversed, and new trial awarded.