29   249
66   348
29   249
78   190
29   249
82   147

THOMAS F. COOK AND JOHN BOWNE, AS EXECUTORS, ETC., OF RICHARD H. BOWNE, DECEASED, PLAINTIFFS, *v.* CORNELIUS RYAN, DEFENDANT.

*Executors — power of, to sell real estate conveyed to them as such — a judgment recovered against them, as executors, is not a lien upon land conveyed to them as such.*

The plaintiffs, as executors of one Bowne, who died insolvent, brought an action to foreclose a mortgage, owned by him, upon certain real estate in Brooklyn. Pending the action, the property was conveyed to them as executors, whereupon the action was discontinued. Subsequently a money judgment was recovered against the plaintiffs, as executors, and duly docketed in Kings county. No power of sale was conferred upon the executors by the will.

*Held*, that they had power to sell the real estate; and that a purchaser from them would acquire a good title, free from the lien of the judgment.

CONTROVERSY submitted upon an agreed statement of facts, in pursuance of section 1269 of the Code of Civil Procedure.

DYKMAN, J.:

This is a controversy submitted without action. The plaintiffs are executors of the last will and testament of Richard H. Bowne, who died insolvent, leaving a will without power of sale to the executors. They commenced an action for the foreclosure of a mortgage on certain real property in the city of Brooklyn, and pending the suit the premises were conveyed to them as executors, and the action was thereupon discontinued. After that a judgment was obtained against them as such executors in the Supreme Court, in an action at law, and regularly docketed in Kings county.

After this judgment had been so obtained and docketed the plaintiffs sold the premises at public auction to a purchaser who has paid ten per cent of the price and assigned his bid to the defendant. The plaintiffs are willing to satisfy or assign the mortgage, and the question submitted is, would a conveyance of the premises by the plaintiffs, as executors, give the defendant a perfect title? We think it would.

The plaintiffs are vested with the mere naked legal title which they hold in trust. They must convert the property into money by a sale, and dispose of the proceeds in the usual course of

administration. The judgment obtained against the plaintiffs, as executors, amounts to little more than a liquidation of the demand. It does not establish a lien. (2 R. S., 449, § 12; *Sharp* v. *Freeman,* 2 Lans., 172; S. C., 45 N. Y., 802.) It is true this statute has especial reference to real estate belonging to a deceased person, and the land in question never did belong to the plaintiff's testator; yet the executors have this title as such, and their rights and interests are the same as though it came from their testator impressed with a trust. They not only have power, but it is their duty to sell and dispose of the property, and to convert it into cash for the payment and discharge of the liabilities of the estate of their testator, and their conveyance will constitute a perfect title. The lien of a judgment does not attach upon a mere legal title to land held in trust. (*Averill* v. *Loucks,* 6 Barb., 26; *Lounsbury* v. *Purdy,* 11 Barb., 490; S. C., 18 N. Y., 515.)

Our statute providing for the sale of land of deceased persons, for payment of their debts, excludes the idea that judgments against the personal representatives are liens on the land, and provides for the allowance of the claims to be established as if no judgment had been obtained. (2 R. S., 102, § 13; *Sharp* v. *Freeman,* 45 N. Y., 806.)

No execution can issue without leave of the surrogate from whose court the letters were issued (Code Civ. Pro., § 1825), and such execution can be of little avail. No preference is given to the judgment-creditor, and execution, if one is permitted, is to be paid only in the proportion paid to other creditors. (*Schmitz* v. *Langhaar,* 88 N. Y., 503.) If it appears on the application therefor that the assets after payment of all sums chargeable against them for expenses and for claims entitled to priority, as against the plaintiff, are not or will not be sufficient to pay all the claims of the class to which the plaintiff's claim belongs, the sum directed to be collected by the execution shall not exceed the plaintiff's just proportion of the assets. (Code of Civ. Pro., § 1826.) Such judgments are not liens and have no operation to embarrass executors or administrators in the sale and disposition of property, and converting the same into assets for the discharge of the liabilities of the estate.

The plaintiffs should have judgment, but for greater safety they

should be directed to assign the bond and mortgage of their testator on the premises to the defendant. No costs.

BARNARD, P. J., and CULLEN, J., concurred.

Judgment for the plaintiffs on the case submitted, without costs.