ATKINSON, *Appellant*, v. HENRY *et al.*

**Equity** : SUIT TO DIVEST TITLE. In a suit to divest defendant of title to land, and vest same in plaintiffs, on the ground that defendant and his grantors combined to defraud the estate of one S., and procured a deed to the land from H. and wife, under such circumstances as to entitle it to be held in trust for said estate, and for plaintiff, a purchaser therefrom, *held,* affirming the judgment of the lower court, that the defendant's grantors were entitled to the deed, and that there was no fraud or deception practiced in procuring it, and that, therefore, no trust arises in favor of said estate or plaintiff.

*Appeal from Bates Circuit Court.*—HON.   J. B. GANTT, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

(1)   Is not plaintiff entitled, under the law and the facts, to a decree vesting full title in him, with damages and writ of possession? This calls for a review and reversal of the decision of this case when here before, which we can hardly hope, yet we respectfully submit it, and refer to *Sproull v. Atchison National Bank*, 22 Kas. 336.   (2)  Granting the first point must be ruled against us, we are entitled to a decree vesting in plaintiff the interest which George B. Hensley had in the

land, with writ of possession and damages; the posses-
sion to remain in plaintiff till the death of either
Hensley or wife, and permanently if Hensley survives
his wife. *Hall v. Stevens*, 65 Mo. 670; *Atkinson v.
Henry*, 80 Mo. 151. (*a*) Plaintiff is entitled to what-
ever interest Starnes died possessed of. This will not
be questioned unless it be because Henry or the Fisher
heirs are innocent purchasers for value. They are not
under the evidence. And, indeed, whether they are or
not, makes no difference. They hold under Starnes and
are bound to know whether they got his title or not.
And if they did not they have nothing. (*b*) Fisher did
not acquire Starnes' interest in the land, which is matter
of evidence. (*c*) The husband can convey his interest
in land held by entireties, as this was, so that his vendee
shall be entitled to possession during coverture.
18 Cent. Law Jour. 181; *Doe v. Parrot*, 5 T. R. 655;
*Bomer v. Mulline*, 4 Rich. Eq. [S. C.] 80; *Ketchum v.
Walsworth*, 5 Wis. 95; *Bennett v. Child*, 19 Wis. 365;
*Doe v. Trustam*, 5 T. R. 652.

*R. T. Railey*, *A. Henry* and *Wm. Page* for
respondents.

(1) This court decided, when this case was here
before (80 Mo. 151), that the court had no power to
enter a decree divesting defendant, Martha A. Hensley,
of any interest in the land in dispute, or to divest
Henry of any legal or equitable interest he acquired
from her. *Atkinson v. Henry*, 80 Mo. 151; *Pennell v.
Goshore*, 17 Ohio St. 105; *Shroyer v. Nickell*, 55 Mo.
264. (2) The circuit court found, in its decree dismissing
the plaintiff's petition, that the defendant, Henry, when
he bought said land from the Fisher heirs, and also
when he obtained the deed from the defendants, George
B. and Martha A. Hensley, had no notice of Starne's
interest in the same. It also found that Starne's interest
had been sold and bought by Russell B. Fisher, and

that thereby he acquired all of Starne's interest in it; and that Hensley and his wife conveyed the land to the party who was justly entitled to it. On these questions there was a conflict of testimony, and the finding of the circuit court should be sustained. *Hendricks v. Woods*, 79 Mo. 590; *Ford v. Phelps*, 83 Mo. 523.

BLACK, J.—This is a suit to divest the defendants of the title to ten acres of land, and to invest the same in the plaintiff. Joel Wisely, by a deed of gift, conveyed this and other lands to George B. Hensley and his wife, Martha. Afterwards, and in 1858, George B. Hensley sold the ten acres to Starnes for two hundred and fifty dollars, and gave him a title bond for the conveyance of the property upon the payment of one hundred and fifty dollars, the balance of the purchase price, and for which amount Starnes gave the vendor a note due in twelve months. Starnes died in 1866, and in 1868 his administrator, by proper proceedings in the probate court, sold the land to plaintiff for the payment of debts of the estate. Before the death of Starnes, and in 1860, the property was sold by the sheriff, under an execution against Starnes, and B. F. Fisher became the purchaser, but it does not appear that he ever received a sheriff's deed. In September, 1867, Hensley and wife, by their joint deed, conveyed the land to the heirs of B. F. Fisher, and they, by deed dated in July of the same year, but not in fact executed and delivered until November of that year, conveyed the property to defendant, Henry.

No question is made but Starnes paid the note before his death. The petition proceeds upon the theory that Henry and the Fishers combined and procured the deed from Hensley and wife to defraud the estate of Starnes. Hensley and wife, it will be seen, held the property jointly. Mr. Hensley, alone, made the title bond to Starnes, and that, too, without the knowledge

of his wife. When she first heard of the sale, she was dissatisfied with it, but her husband gave her the note executed by Starnes, which she sold, and received the proceeds, and at all times thereafter was satisfied with the sale and was willing to join her husband in a deed to the property. She was not, in law, bound to make a deed, and Starnes could not have divested her of the title by a compulsory decree, first, because she did not sign the bond, and, second, because, being a married woman, it could not have been enforced against her if she had signed it. *Atkinson v. Henry*, 80 Mo. 151. She was, however, at liberty to join her husband in a deed, and perfect the title to the purchaser. If Hensley and his wife made the deed for the considerations paid by Starnes, and to perfect the title in him, or his grantees, but, by false representations, were induced to make the deed to the Fishers, then they ought not to be allowed to avail themselves of the legal title thus acquired as against Starnes or his grantees. *Lombard v. Cowhan*, 34 Wis. 486. Neither the Fishers nor Hensley, if he participated in the fraud, can shield themselves behind the marriage disability of Mrs. Hensley. She received a part of the purchase money as such, and was morally, though not legally, bound to join in the deed. Her honest purposes are not to be frustrated or defeated by any fraudulent practices of the Fishers.

There can be no doubt but the deed conveyed the legal title to the ten acres to the Fishers, and the real question in the case is, whether they, and through them, Henry, acquired the title under such circumstances that he should be held to hold the title in trust for the estate of Starnes, and plaintiff, a purchaser therefrom. The evidence shows that R. B. Fisher bought the ten acres at the sheriff's sale, in 1860, to befriend Starnes and to enable him to save his home for himself and family. There is some conflict in the evidence as to whether Starnes refunded to Fisher the purchase money, but the .

weight of the evidence is to the effect that he never did, and that Starnes eventually abandoned all claim to it in favor of Fisher. In 1861, or 1862, the house on the property was occupied by soldiers and then destroyed by fire. Starnes left Butler, where the land is situated, and Fisher went to the southern army. There is some evidence that a deed of release from Starnes to him was found among his papers, left with a lady at Butler, when he went south, but the evidence is too indefinite to be of much value. However that may be, we conclude Starnes failed to pay Fisher the money he had bid and paid at the sheriff's sale, and yielded all claim to the property to Fisher. Thus the matter stood, until 1867, when some of the Fisher heirs returned to Butler, and, through the defendant, Henry, who was their attorney, offered Hensley and his wife $50.06 for a deed to the property. Hensley was then in destitute circumstances, and lived some eighteen miles from the place where the deed had to be acknowledged. It is clear that he and his wife accepted the money, not as a new consideration for the land, but as a compensation for their trouble and expenses in going to Linn, where the deed was acknowledged. When there, they were, for the first time, informed that the Fishers had acquired the title of Starnes, and it was on that representation that they executed the deed. Now, the heirs of Fisher had a right to demand and receive a deed from the late sheriff, under the previous sale made by him to their father. That right entitled them to receive the deed from Hensley and wife, in satisfaction of the title bond to Starnes, and there was, therefore, no fraud or deception practiced in procuring that deed; and it follows that no trust does or can arise in favor of the estate of Starnes or the plaintiff. The deed from Hensley and wife was not only recorded when the plaintiff purchased at the administrator's sale, but he had actual notice of it.

The plaintiff contends that, in any event, he was entitled to a decree for the possession of the land during the life of Hensley, and for the entire title, in the event he should outlive his wife. This claim is based upon the notion that the Fishers only acquired the interest of Mrs. Hensley. The remark made when the case was here before, that, upon no theory of the case ought the decree to have embraced more than the legal interest of Hensley himself, cannot be regarded as giving any countenance to such a claim. The decree was then for the plaintiff, and the remark was made to show that it could not stand in any view of the case. We have, before, endeavored to show that the defendants, by right, acquired all the title of both Hensley and his wife. The fact that Henry knew of the existence of the title bond, which is clearly enough shown by this record, cannot change the result before expressed.

The judgment of the circuit court, which was for the defendants, is affirmed. All concur.