Green, J.
delivered the opinion of the court.
It appears from the record in this case, that Barton W. Jenkins executed a deed of trust on 3d April, 1839, to Samuel D. Frierson, conveying certain tracts of land therein described, to secure the payment of certain liabilities of said Jenkins, to Hilary Langtry. On the 26th of August, 1840, Langtry conveyed all his interest in said deed of trust to the complainant, Thomas, in trust, to secure the payment of certain debts therein mentioned, with power to the- saidThonias to cause the deed of trust from Jenkins to Frierson to be closed, so as to realize the fund and debts therein secured tó be paid, and apply the same-in satisfaction of the debts specified in the deed from Langtry to Thomas. Frierson proceeded to sell the lands conveyed to him by Jenkins on the 2d of November, 1840, at which sale the lands were bid off .by Langtry at $1518 00. No money was paid by Langtry, but the amount of his bid was intended as a credit- of so much on the debts due him from Jenkins and that were secured by the deed.-
On the 30th of Api’il, 1842, Frierson conveyed the said lands to Langtry for the consideration of the said sum of $1518 00 so bid, and by him applied in extinguishment of the debts specified in the deed of trust.
On the 2d of May, 1842, Yeatman, Woods & Co. recovered judgment against Langtry in the circuit court of Maury county, upon which execution was issued the 22d September, 1842,- and was levied on the land so sold under the deed of trust, and conveyed by Frierson to Langtry. On the 14th of December, 1842, Langtry conveyed the lands to Thomas, subject to the stipulations of his trust deed of the 26th of August, 1842. This deed was registered the 20th of December, 1842. On the 22d of December, 1842, the sheriff sold the lands in dispute, and the defendant Walker became the purchaser, and took a deed from the sheriff to himself.
1. Upon these facts the defendant insists that the judgment of Yeatman, Woods & Co. was a lien on the land, over-reaching Langtry’s last deed' to Thomas, and this is cer *95 tainly true. If Thomas had acquired no- right to these lands by the previous transactions, the deed of the 14th of December, 1842, could have conferred hone upon him.
2. The defendant insists that the deed of Langtry to Thomas of the 26th.of August, 1840, amounted only toan assignment of the fund secured by Jenkins’ deed to Frierson, and conferred on Thomas a right to the proceeds of the trust sale alone, and that he must look to the trustee, Frierson, for the amount of Langtry’s bid.
On the other hand it was contended by the complainant, that Langtry acted as his agent in the purchase from Frier-son; that the fund which he had assigned to the complainant by the deed of the 26th August, 1840, was employed by him in the purchase, and was the same thing as a payment of the money of complainant, and that when he took the deed from Frierson, a trust resulted to the complainant.
We think this position of the complainant is justified by the facts in this record.
Frierson and Langtry both prove that in making the purchase, Langtry acted as the agent of Thomas, and it was thought best that Frierson should make the deed to Langtry, believing it would operate for the benefit of the complainant. No money was- paid, and it was agreed that the sum bid should extinguish so much of the debts secured by the deed.
If the money of Thomas was advanced for the purchase of the land, and Langtry took a conveyance to himself, he would hold the mere legal title for Thomas, to whom ■ a trust would result. 2 Story Eq. 1210, 1266, et. seq. And this, whether he acted as the agent of Thomas or designed the purchase for himself. But in this case, Langtry not only employed a fund which belonged to Thomas, but his purpose was to obtain the title to the land for Thomas’s benefit. Inasmuch then, as there' was a mere legal title in Langtry, the lien of the judgment under which the defendant , claims did not attach in equity upon the land. 1 Paige, 280.
The resulting trust.to Thomas was such an estate as would be subject to an execution at law. 1 Hump. R. 491.; and consequently such an one as the lien of a judgment against him, would attach upon. But if a judgment against the own *96 er of an estate in whom there is a resulting trust,, be a lien upon that estate, it is impossible that a judgment against the party in whom the mere legal title is vested, can be a lien upon the same estate. For that would present the contradiction of two liens upon the same estate, one by a judgment against the equitable owner, and the other against, the party in whom the legal title is vested.
We are of opinion, therefore, that Langtry had no interest in these lands upon which the judgment of Yeatman, Woods & Co. could attach a lien, and that the defendant took no title by his purchase, and sheriff’s deed.
Affirm the decree.