JOHN F. WHEATLEY and ALLEN DORSEY *vs.*
GEORGE WHEELER.

*Evidence—Books, other than Partnership, inadmissible
without extrinsic proof of entries.*

W and D were partners trading as W, D & Co. By contract they entered into partnership with G. W to conduct business in other localities under the style of G. W. The course of business was for the house of W, D & Co. to make purchases for, and shipments to, the house of G. W, and to receive goods and sell them for that house. On the dissolution of the co-partnership, G. W filed a bill for an account against W and D. The subject was referred to an auditor, and the books of W, D & Co. were produced as evidence on behalf of W and D. HELD.

That these books were inadmissible to charge G. W unless the entries therein were established by extrinsic proof.

Wheatley and Dorsey *vs.* Wheeler.

APPEAL from the Superior Court of Baltimore City, in Equity.

The facts are sufficiently given in the opinion of the Court.

The cause was argued before BARTOL, C. J., MAULSBY, MILLER, ALVEY, and ROBINSON, J.

*John Johnson* and *Alex. H. Hobbs,* for the appellants.

*John S. Tyson* and *Th. Donaldson,* for the appellee,

Cited 1 *Greenl. Ev.,* secs. 115, 120; *Welch vs. Barrett,* 15 *Mass.,* 361; *Union Bank vs. Knapp,* 3 *Pick.,* 96; *Reynolds vs. Manning,* 15 *Md.,* 510; *Heartt vs. Corning,* 3 *Paige Ch. Rep.,* 566; and *Collyer on Partnership,* sec. 316, *n.*

BARTOL, C. J., delivered the opinion of the Court.

The appellants were co-partners carrying on business in Baltimore, under the name of Wheatley, Dorsey & Co., and on the 1st day of July, 1864, articles of co-partnership were entered into between them and the appellee, whereby a firm was created "under the name and style of George Wheeler, for the purpose of carrying on the milling business at Laurel, Prince George's County, and a general commission and trade business under the same name and style in Washington city." This partnership was to continue till the 30th day of June, 1865. The course of business of the firm of George Wheeler as provided for by the articles and actually carried on was as follows: the house of Wheatley, Dorsey & Co., in Baltimore, purchased grain which was sent to the mill of the appellee, at Laurel, to be ground for market; and the flour and other products were sent for sale to the house in Washington, or the house of Wheatley, Dorsey & Co., in Baltimore. This latter house also purchased for the firm of George Wheeler quantities of hay which was sent to be sold by the house in Washington.

Among other stipulations it was agreed that the firm of Wheatley, Dorsey & Co., "should be allowed by the firm of George Wheeler, the sum of twelve hundred dollars for clerk hire, porterage, and the use of their warehouse in the conduct of the business of the firm of George Wheeler, in Baltimore."

And it was further stipulated that "all parties to this instrument are to have free access to the books of said firm of George Wheeler wherever said books may be—whether in Washington, at Laurel, or in Baltimore, at the counting-house of Wheatley, Dorsey & Co." It was declared to be the intention of all the parties "that both the milling business at Laurel, and the commission and trade business at Washington, are to be considered as one business, for the purposes of the partnership of "George Wheeler."

That the expenses of both businesses are to be charged to the general expense account of the house or firm of George Wheeler; and that "after the expenses of carrying on the firm of George Wheeler shall have been first deducted, the profits are to be divided in the proportion of *three-eighths* to *George Wheeler*, and five-eighths to Wheatley and Dorsey, the respective parties of the first and second part to the articles."

After the co-partnership thus formed had expired, the appellee filed his bill for an account of the business of the firm. A decree for an account was passed, the cause was referred to the auditor, proof was taken, and agreements of counsel were made, which it is not important now to refer to more particularly. By the final account stated by the auditor, in accordance with the decision and direction of the Superior Court, the balance found due from the appellants to the appellee was $1,413.05, and from the decree ratifying the account and ordering the said balance, with interest thereon from the 16th of September, 1865, to be paid by the appellants to the appellee, or to be brought into Court to be paid, this appeal was taken.

The only ground upon which the appellants ask for a reversal of the decree, is for an alleged error of the Court below

in refusing to admit in evidence the books of account kept by the house of Wheatley, Dorsey & Co.

It was virtually conceded in the argument, and indeed is manifest from the record, that unless these books were competent and admissible testimony against the appellee, or the entries therein are established by extrinsic proof, there remains no good cause for reversing the decree in his favor for the sum ascertained by the auditor; the decree being abundantly supported by the other proof which would have justified a decree for a larger sum.

We think it very clear that the books were inadmissible, and were properly excluded from the consideration of the auditor.

It is, undoubtedly, the general rule, supported both by reason and authority, that as between co-partners the books of the co-partnership business are conclusive evidence. This rule grows out of the relation between the parties who are agents for each other in the partnership transactions. As stated in the opinion of the learned Judge below, such books "are subject to the inspection of all the co-partners and to their instant correction if wrong, and therefore must be taken as conclusive between them." It has been held that this general rule does not apply where a co-partner is at a distance from the place where the books are kept, and has no opportunity of examining them; in such case they are not conclusive against him. Such, to some extent, was the position of the appellee in respect to the business of the firm transacted in Baltimore. He was engaged at the mill. at Laurel, and had little opportunity for access to, and inspection of the books in Baltimore; under these circumstances, it might well be questioned whether he would be conclusively bound by them, even if they had been regularly kept in conformity with the articles of co-partnership.

But upon that question, we do not mean to express an opinion. The conclusive objection to the admissibility of the books relied on by the appellants, is that they are not

the books of the co-partnership of George Wheeler, but the books of the firm of Wheatley, Dorsey & Co.

It was evidently the intention of the parties and the plain import of the articles, that regular books should be kept in Baltimore, of the business of the firm of George Wheeler, there transacted : provision is made for the employment of a clerk for that purpose, and for his compensation out of the effects of the firm.

This stipulation appears to have been altogether disregarded by the appellants. It is conclusively shown by the evidence that no such books were kept, all the transactions of the firm of George Wheeler, were entered in the private books of Wheatley, Dorsey & Co., and the grain and hay purchased on account of the firm and sent to the mill at Laurel and to Washington, are charged in the books of Wheatley, Dorsey & Co. against George Wheeler, in the same manner as if he or the firm were ordinary customers of the house of Wheatley, Dorsey & Co. Those are the accounts offered in evidence by the appellants as partnership accounts. It is very clear that they were merely the private books of the appellants, and not *per se* admissible in evidence.

We are of opinion, after a careful examination of all the proof, that the appellants have failed to establish the correctness of the entries by extrinsic proof.

The admission of the appellee with regard to the correctness of the account as testified to by the witness, McComas, has been explained in the testimony of the appellant, and we think goes no further than an admission of clerical accuracy in the account, and by no means establishes the correctness of the items and prices charged, which the appellee was at that time disputing.

Nor do we think the account has been proved by the witnesses, McComas and Wheatley; their testimony as to its correctness is very general, and when examined amounts to no more than hearsay, for they could not speak of their

own knowledge as to the prices actually paid for the produce purchased on account of the firm of George Wheeler.

In conducting the business of the firm, in the way in which it was actually carried on, it was the duty of the appellants to take bills and receipts showing the quantity purchased for the firm, and the prices actually paid, and to have preserved the vouchers thereof for their own security, and the protection of the rights of their co-partner, and he was entitled to insist on the production of such vouchers. The entries on the books of Wheatley, Dorsey & Co., were not binding upon him, and were properly excluded as inadmissible evidence in the cause.

*Decree affirmed.*