THE HOLMDEL AND KEYPORT TURNPIKE COMPANY

*v.*

WILLIAM W. CONOVER et al.

Lands were bought and paid for by a corporation, but the deed, by mistake, was drawn in the individual name of its treasurer, as grantee. The corporation, however, openly used and occupied the premises thereafter.—*Held,* that personal judgments against the treasurer were not liens on the premises, and that the corporation was entitled to relief against the purchaser at sheriff's sale, under such judgments, notice of the corporation's rights having been given at the sale, and that the corporation was not estopped by bidding at such sale.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. C. Robbins,* for complainant.

*Mr. J. S. Applegate,* for defendant Conover.

THE CHANCELLOR.

This suit is brought by the Holmdel and Keyport Turnpike Company to establish its right as against the defendant William W. Conover to a small house and lot in Monmouth county, owned by it, but the title to which was taken in the name of George Schanck, who, at the time, was its treasurer.  · The property was bought by the company in 1873, of Eleanor Poling, for $650, and the purchase-money was paid by it.  The premises are situated about forty or fifty yards from the company's toll-gate at Mechanicsville, and were purchased for the use of its toll-gatherer there.   The conveyance was taken in the name of Schanck, because the president of the company, by whom the business of the purchase was conducted in behalf of the company, was advised by the scrivener by whom the deed was drawn (but for what reason does not appear), that it could not be taken by the company itself, but must be taken by some one in trust for it.   It was supposed by the company and Schanck that the deed was so drawn as to express the trust, but it was not.   The fact was not discovered, however, until 1879, when it was found that the property was advertised for sale under executions issued on judgments against Schanck, and thus they were, for the first time, made aware of the fact that the deed expressed no trust.   One of the judgments was recovered by Maria L. Conover, in 1879, and the other by John S. Hubbard, in 1877.   The first-mentioned judgment was assigned to the defendant William W. Conover, and Samuel T. Hendrickson. Under the advertisement, it was sold by the sheriff to William W. Conover, in January, 1880, and was conveyed by that officer to· him accordingly, in February' following.   The company, from the time of the conveyance to Schanck, was in open and notorious possession of the property until the time when it was sold by

Holmdel Co. *v.* Conover.

the sheriff. Before the day of sale, notice was given to Conover that the property did not belong to Schanck, but to the company; and at the sale, and before any bid was made upon it, explicit notice to the same effect was given to all present, including Conover, who admits that he heard the statement. The company, in order to avoid the trouble and expense of legal proceedings to protect its rights, bid upon the property at the sale. Its last bid was $150. Conover bid $5 more, and the property was struck off to him at $155. By his answer, Conover sets up in his defence that he bid upon and purchased the property because he was interested as a judgment creditor of Schanck, under the Maria L. Conover judgment. But it is established by the proof that that judgment had been satisfied by the proceeds of a former sale, made in 1879, of some of Schanck's property, under it, at which enough was realized not only to satisfy that judgment, but to pay a large part of the Hubbard judgment. In the spring and summer of 1879, Conover received from the sheriff payment in full for the amount of his judgment. He now says, however, that he was interested in a different way in the sale of the property in question—that he had bought property at the previous sale, which was subject to a mortgage given by Schanck as collateral security for the payment of the claim on which the Hubbard judgment was founded. Without discussing this new defence, which has no merits, it is enough to say that he will be held and confined to the defence set up in his answer. *Chandler* v. *Herrick, 3 Stock. 497; Mead* v. *Coombs, 11 C. E. Gr. 173.* There is no claim that Hubbard had any equity under which Conover, as a purchaser under the judgment of the former, acquired any right against the company, under the circumstances. The lien of a judgment may be removed or displaced by the decree of this court, where the judgment debtor holds the legal estate merely as naked trustee for another, or where there is a subsisting equitable claim against the premises, which is prior, in point of time, to the lien of the judgment. *Morris* v. *Mowatt, 2 Paige 586.* If a purchaser under the judgment has notice of the equitable title at any time before his purchase and the actual payment of the money at the

Terhune v. Bank of Bergen Co.

sheriff's sale, he cannot protect himself as a *bona fide* purchaser. *Ells* v. *Tousley, 1 Paige 280.* The trust, a resulting one, is established, and the fact·that Conover purchased with full notice of it is not only proved, but is admitted. Nor is the company estopped by the fact that it bid upon the property. It did so after having given notice of its claim to be the equitable owner of the property. The notice given was that the property was not the property of Schanck, but of the company, and that it was purchased with the company's money, and had always, since the purchase, been in the possession of the company. Under such circumstances, no estoppel arises from its bidding. There will be a decree in favor of the complainants, with costs.