VAUGHN, APPELLANT, *v.* SCHMALSLE ET AL., RESPONDENTS.

LIEN OF JUDGMENT.—A judgment lien is not a specific lien upon the real estate of the judgment debtor, so as to constitute a property in the land itself to the exclusion of a prior equitable title in a third person, but is a general lien, securing a right to levy, or a preference over interests subsequently acquired, and is subject to all prior liens, whether legal or equitable.

SAME — *Mortgage — Conveyance.*— Under section 307 of the Code of Civil Procedure, a judgment lien is created upon the real property of the judgment debtor, owned by him at the time the judgment is docketed. By the provisions of section 270 of the fifth division of the Compiled Statutes, a mortgage is embraced in the term "conveyance." Under section 258 of the fifth division of the Compiled Statutes, a conveyance of real estate is valid and binding between the parties thereto without record. Section 259 of the fifth division of the Compiled Statutes declares that the filing of such conveyance shall impart notice to all persons of the contents thereof, and subsequent purchasers shall be deemed to purchase and take with notice. Section 260 of the fifth division of the Compiled Statutes makes every unrecorded conveyance void as against subsequent purchasers in good faith. *Held,* that the foregoing provisions do not include judgment creditors, and a mortgage executed and delivered prior to the docketing of a judgment is paramount to the title of the purchaser of the lands at an execution sale, where the mortgage was recorded prior to the sale. (*Chumasero* v. *Vial,* 3 Mont. 376; *McAdow* v. *Black,* 4 Mont. 475, cited.)

MORTGAGES — *Description — Foreclosure.*— A description of property in a mortgage as "sixteen feet of the north end" of certain lots enumerated, in a specified block, in a given town, county, and State, is not so uncertain as to render the mortgage void, in that the expression "sixteen feet" might mean sixteen square feet, where it is not denied that the mortgage included some portion of said lots, and no mistake or imperfection of such conveyance is put in issue by the pleadings.

*Appeal from Seventh Judicial District, Custer County.*

Judgment was rendered for the defendants below by MIL-BURN, J.

*M. J. Liddell,* and *W. A. Burleigh,* for Appellant.

The contention of the plaintiff involves the question of the effect of the registry law of the State, as between a judgment

lien and a mortgage, executed before the docketing of a judgment, and filed for record after that time, but before. the sale under the execution issued on the judgment. The registry of deeds and conveyances is unknown to the common law, and the lack of such a uniform law is criticised by Blackstone in his Commentaries, book 3, page 343. (See, also, *Mesick* v. *Sunderland,* 6 Cal. 297; *Rose* v. *Munie,* 4 Cal. 173.) Since registry laws are unknown to the common law, which considers that every one will preserve the muniments of his own title, it follows that they are to be strictly construed. (*Call* v. *Hastings,* 3 Cal. 183; *Chamberlain* v. *Bell,* 7 Cal. 294; 68 Am. Dec. 260; *Rose* v. *Munie, supra.*) Our statute in relation to the registry of deeds and mortgages is derived from California. Tested by the California authorities it is difficult to understand the reason for the decision of the court in the present case. The registry act, as found in the Montana statutes, was never intended by its very terms to protect any one but *bona fide* purchasers and mortgagees without notice. (Comp. Stats. fifth div. p. 661, §§ 259, 260; *Hunter* v. *Watson,* 12 Cal. 363; 73 Am. Dec. 543; *Call* v. *Hastings,* 3 Cal. 179; *Bird* v. *Dennison,* 7 Cal. 309; *Rose* v. *Munie,* 4 Cal. 173; *Bryan* v. *Ramirez,* 8 Cal. 461; 68 Am. Dec. 340.)

In the case of *Wilcoxson* v. *Miller,* 49 Cal. 193, it was held that the word "conveyance," as used in the registry act, did not include a judgment lien; and in the case of *Rose* v. *Munie,* 4 Cal. 173, the court held that an unrecorded mortgage has priority over a mechanic's lien, which had attached subsequently to the execution of a mortgage; thus in effect declaring that the word "conveyance," as used in the registry act, does not include mechanics' liens. We call attention to these cases for the purpose of showing that the California courts have refused to extend the registry law beyond the strict letter thereof. Registry acts do not protect judgment lien-holders. (*Hunter* v. *Watson,* 12 Cal. 363; 73 Am. Dec. 543; *Pixley* v. *Huggins,* 15 Cal. 128; *O'Rourke* v. *O'Connor,* 39 Cal. 442; *Packard* v. *Johnson,* 51 Cal. 545; *Wilcoxson* v. *Miller,* 49 Cal. 193.) We do not wish to be understood as maintaining that a creditor cannot purchase at his own execution sale, and be a *bona fide* purchaser within the meaning of the law. A *bona fide* purchaser

is one who purchases without notice, actual or constructive. (*Woodworth* v. *Guzman*, 1 Cal. 203; *Dennis* v. *Burritt*, 6 Cal. 670; *Mitchell* v. *Steelman*, 8 Cal. 363; *Stanley* v. *Green*, 12 Cal. 149; *McCabe* v. *Grey*, 20 Cal. 509; *Galland* v. *Jackman*, 26 Cal. 80; 85 Am. Dec. 172; *Landers* v. *Bolton*, 26 Cal. 394; *Farmer* v. *Ukiah Water Co.* 56 Cal. 11; *Eversdon* v. *Mayhew*, 65 Cal. 167, and authorities there cited; Freeman on Judgments, §§ 366, 367; Story's Equity Jurisprudence, §§ 1502, 1503; Jones on Mortgages, §§ 460, 462, 572; *Norton* v. *Williams*, 9 Iowa, 530; *Holden* v. *Garrett*, 23 Kan. 98; *Silver* v. *Ladd*, 7 Wall. 219; *May* v. *Le Claire*, 11 Wall. 232; *Alexander* v. *Rodriquez*, 12 Wall. 323.) And finally, on the question of what constitutes a *bona fide* purchase in this State, we cite the court to the case of *McAdow* v. *Black*, 6 Mont. 601, where the judgment creditor purchased under his own execution sale, and the court held that he was not a *bona fide* purchaser for a valuable consideration so as to entitle him to the protection of the registry laws. But conceding, for the sake of argument, that the defendant, William Schmalsle, was a *bona fide* purchaser, he must still fail, because his deed was not put on record before the mortgage of Mrs. Vaughn. (Comp. Stats. fifth div. § 260; *Carpentier* v. *Williamson*, 25 Cal. 154; *Thomas* v. *Vanlieu*, 28 Cal. 617; *Wilcoxson* v. *Miller*, 49 Cal. 193; *Packard* v. *Johnson*, 51 Cal. 545.) The court found that part of the property mortgaged was not sufficiently described in the mortgage. The object of the description is to identify the land, and whenever that can be done from the description in the deed or mortgage, it is sufficient. The mortgage is annexed to the complaint, and is before the court, and we submit that from the findings of fact and the mortgage the court cannot but say that the description is sufficient to identify the land. Without any refinement upon the description, the expression, "sixteen feet of the north end of lots 1 and 2, in block 44, in Miles City," can mean nothing else than sixteen feet in depth off of the north end of those lots, and we suggest that a defective description may be made certain by proof, and is quite different from a case where there is no description at all, or a misleading one. An examination of the authorities will show that whenever the description is such that the property can be identified, although defective, the mortgage

or deed is maintained. (*De Levillain* v. *Evans*, 39 Cal. 120; *Garwood* v. *Hastings*, 38 Cal. 216; *Irwin* v. *Towne*, 42 Cal. 326; *Banks* v. *Moreno*, 39 Cal. 239; *Lick* v. *O'Donnell*, 3 Cal. 59; 58 Am. Dec. 383.) No issue is raised by the pleadings as to the sufficiency of the description as contained in the mortgage; and certainly from reading the mortgage it will be impossible for the court to say, as a matter of law, that the property is not sufficiently described. (*Thompson* v. *Thompson*, 52 Cal. 154.)

*Strevell & Porter*, for Respondent.

The court below decided that under the statute law of this State, the docketed judgment, and levy and sale made under it, must take precedence of a mortgage unrecorded at the time the judgment was docketed and the levy made, of which mortgage, if it existed at all, the judgment creditor had no notice at the time his judgment was docketed and the levy made.

At the present time two opposite theories of the nature of a mortgage hold about equal sway in this country. (1) *The common-law view.* At common law, a mortgage was a conveyance of the fee. By it the whole legal estate passed to the mortgagee. Under his mortgage, if there were no restraining conditions, the mortgagee was entitled to immediate possession. Later, and under a somewhat modified condition of the common law, the mortgagee was not entitled to possession until condition broken, but the legal estate passed to him the same as under the more rigorous conditions of the law. (1 Jones on Mortgages, pp. 15, 59; 1 Washburn on Real Property, p. 500; *Fogarty* v. *Sawyer*, 17 Cal. 589.) (2) *Mortgage a mere security for debt.* Whatever may be the law elsewhere, it is the settled law of the State now, that a mortgage is a mere security for debt; it passes no estate of any kind in the land. Our statute has wholly abrogated the common law upon this subject. (Comp. Stats. § 371, p. 161; *McMillan* v. *Richards*, 9 Cal. 409; 70 Am. Dec. 655; *Fogarty* v. *Sawyer, supra; McGurren* v. *Garrity*, 68 Cal. 566; *Tapia* v. *Demartini*, 77 Cal. 383; *First Nat. Bank* v. *Bell S. & C. M. Co.* 8 Mont. 32; *Gassert* v. *Bogk*, 7 Mont. 585.)

It may be pertinent to inquire what is a docketed judgment,

and in what respect does it differ from a mortgage under our law?

In all essential particulars they are the same. They are alike securities for debt, and when recorded or docketed, their power and capacity to bind the property of the debtor is the same. As to third persons, they are liens upon the real property of the debtor from the time of record and not before, and have the same binding force as a mortgage, and the same capacity to hold the land as long as the statute preserves it in force. (*Rankin* v. *Scott*, 12 Wheat. 104; *Ward* v. *Chamberlin*, 24 How. 745.) Neither a judgment nor a mortgage under our statutes is binding as to third parties without registration. Compiled Statutes, section 307, page 130, provides that a judgment is a lien upon all the real property of the debtor not exempt from execution in the county from the time the judgment is docketed until the lien expires. Nothing can be more explicit or peremptory than this enactment, and no comment can either increase or diminish its binding force. There is found in section 308, page 139 of the Compiled Statutes, the most explicit direction as to how this record shall be made and kept, and in the succeeding section it is further provided that the record book shall at all reasonable hours be kept open to public inspection, thus inviting attention to the dignity and importance of this lien.

Compiled Statutes, section 258, page 661: "Every conveyance of real estate, and every instrument of writing setting forth an agreement to convey any real estate, may be effected, proved, acknowledged, and certified in the manner prescribed by this act to operate as notice to third persons, shall be recorded in the office of the recorder of the county in which such real estate is situated, but shall be valid and binding between the parties thereto without such record."

For a definition of the term "conveyance," as here used, turn to section 270, page 663. By that section it is declared that the term "conveyance" embraces a mortgage. If we then read section 258 in the light and under the direction of this definition, omitting irrelevant parts, as far as the present inquiry is concerned, it will read as follows: —

"Every mortgage of real estate, to operate as notice to third persons, *shall be recorded* in the office of the recorder of the

county in which such real estate is situate, but shall be valid and binding between the parties thereto without such record."

This section (258) was never in the statutes of California, so far as we have been able to determine, at the time any decision was rendered there upon the subject of mortgage liens. This section is the keystone of our statutory provisions, relating to the recording of instruments affecting real estate. The *subject* of the section is the recording of all instruments in any way affecting any real estate. The *spirit* of the section is that every instrument of every kind and nature by which real estate may be affected, in order to operate as notice to third persons, shall be recorded as provided by law.

The two succeeding sections, 259 and 260, since the adoption of section 258 into our statutes, only amplify this same idea. The former declares that from the *time of filing the same* the instrument shall impart notice to all persons of its contents, and in particular to mortgagees and purchasers; but the addition of the latter part of the section, "mortgagees and purchasers," makes the section no stronger or different from what it would be without it. Section 260 simply provides that in case a purchaser, for a valuable consideration — that is, a purchaser by deed — shall first record his conveyance, then any instrument subsequently filed for record shall be as to him absolutely void. In that case it would not even cast a cloud. Section 379 of chapter 5 provides that "no person having a conveyance of, or claiming any lien upon the property, or some part thereof, need be made a party to the action, unless such conveyance or lien appear of record. This statute was very fully considered in the elaborate opinion of the Supreme Court in *Neslin* v. *Wells*, 104 U. S. 428. The judgment is a lien on the property of the debtor from the time of docketing, and is notice to all persons dealing with real estate. While the section does not in express terms declare that the docketing of the judgment shall be notice to all persons, it has been adjudicated in a number of cases that such is its effect. (*Page* v. *Rogers*, 31 Cal. 294; *Smith* v. *Randall*, 6 Cal. 47; 65 Am. Dec. 475; *Call* v. *Hastings*, 3 Cal. 179; *Reichert* v. *McClure*, 23 Ill. 516; *Downing* v. *Le Du*, 82 Cal. 473; Freeman on Judgments, § 366, and note 1, p. 408.)

The description set out in the exhibit to the complaint is: "Sixteen feet of the north end of lots 1 and 2, in block 44, in said town of Miles City, etc." The court in substance found that of itself this description was not sufficient to enable it to make a decree with the least legal precision.

There was not a syllable of evidence to identify such parcel of land; nothing to show that there was any "north end" to any lots in Miles City, nor whether square feet or linear feet were meant. The plat of Miles City was not even introduced to show that lots were laid out fronting east or west, or north or south, or at intermediate points of the compass. There is nothing before this court but an exhibit to a complaint. We submit that the court below could not have found otherwise upon this question than it did find. (*Caldwell* v. *Center*, 30 Cal. 543; *Gorgan* v. *Vache*, 45 Cal. 610; *Tryon* v. *Huntoon*, 67 Cal. 328; *Chinique* v. *People*, 78 Cal. 575; *Winslow* v. *Cooper*, 104 Ill. 243; *Roberts* v. *Chan Tin Pen*, 23 Cal. 259.)

HARWOOD, J.—In this appeal two questions of law are to be determined: *First*, a question of priority and relative legal effect of a judgment lien on real estate, and title acquired at execution sale thereunder, as against a mortgage executed and delivered prior to docketing of the judgment, but not recorded until after the judgment was docketed and levy made under execution. *Second*, a question as to the sufficiency of description of a portion of the real estate mentioned in the mortgage.

These questions will be considered in the order stated. This appeal is from the judgment of the trial court, and we find in the judgment roll an exception to the conclusions of law found by the court, on the ground that the same are not supported by the facts as found by the court. The facts bearing upon the first point of controversy as found by the court are as follows: March 1, 1886, plaintiff loaned to J. F. Schmalsle seven hundred dollars, payable twelve months after date, with interest at the rate of twenty-four per cent per annum, for which said J. F. Schmalsle made and delivered to plaintiff a promissory note, and a mortgage to secure the same, principal and interest, and twenty-five dollars attorney fees, on certain described lots of land situate in Miles City, county of Custer, which mortgage

was filed for record in the office of the county clerk and recorder of said county, April 5, 1886. On the eleventh day of March, 1886, judgment was rendered and docketed against said mortgagor in the District Court in and for said county, for the recovery of the sum of fifteen hundred dollars, in favor of William F. Schmalsle, one of the defendants in this action; that execution was duly issued on said judgment on March 19, 1886, under which execution the sheriff levied on the same real estate mentioned in said mortgage, and thereafter, on the ninth day of April, 1886, sold said real estate under said levy to William F. Schmalsle for eleven hundred dollars; that when such purchase was made the purchaser, William F. Schmalsle, had actual notice of the existence of the plaintiff's mortgage, as well as constructive notice by the record thereof; that on the ninth day of October, 1886, the sheriff executed to William F. Schmalsle a deed, conveying to him said property so sold under said execution, which deed was filed for record October 20, 1886. Upon this state of facts the court found, as a conclusion of law, that the judgment lien was paramount to the mortgage, and that the mortgage could not be "enforced against said property so levied upon to the exclusion of the said judgment, or in priority thereto." So holding, the court denied the plaintiff a decree of foreclosure of her mortgage on said premises, and rendered judgment against her in favor of defendants, William F. Schmalsle and Nelson A. Miles, from which judgment plaintiff appealed.

The question involved herein as to the relative force of a judgment lien, and a mortgage made and delivered prior to docketing of the judgment, but not recorded until after such docketing and levy of execution, must be solved by a consideration of the statute relating to the judgment lien and execution, and the statute providing for the conveyance of real estate or interests therein, and the effect of recording such conveyances or withholding the same from record. The statute fixing the judgment lien is found in section 307 of the Code of Civil Procedure, which provides: "Immediately after filing a judgment roll the clerk shall make proper entries of the judgment, under appropriate heads, in the docket kept by him; and from the time the judgment is docketed it shall become a lien

upon the real property of the judgment debtor, not exempt from execution, in the county, owned by him at the time, or which he may afterward acquire, until said lien expires.   The lien shall continue for six years, unless the judgment be previously satisfied."   The judgment lien here established by statute takes effect upon "the real property of the judgment debtor not exempt from execution, in the county, *owned by him* at the time, or thereafter acquired."   So in section 313 of the Code of Civil Procedure, where the execution is provided for, the sheriff is required, first, to satisfy the judgment out of the personal property of the debtor; or "if sufficient personal property cannot be found, then out of his real property; or if the judgment be a lien upon real property, then out of the real property *belonging to him* on the day when judgment was docketed, or at any time thereafter."

In *Rodgers* v. *Bonner*, 45 N. Y. 379, the court says: "A judgment is not a specific lien on any particular real estate of the judgment debtor, but a general lien upon all his real estate, subject to all prior liens, either legal or equitable, irrespective of any knowledge of the judgment creditor as to the existence of such liens." (See, also, *Independent School District* v. *Werner*, 43 Iowa, 643.)   In the case of *Conrad* v. *Atlantic Ins. Co.* 1 Peters, 442, Mr. Justice Story, announcing the decision of the court, says: "Now it is not understood that a general lien by judgment on land constitutes, *per se*, a property or right in the land itself.   It only confers a right to levy on the same to the exclusion of other adverse interests subsequent to the judgment; and when the levy is actually made on the same, the title of the creditor for this purpose relates back to the time of his judgment, so as to cut out intermediate encumbrances."

In *Brown* v. *Pierce*, 7 Wall. 205, Mr. Justice Clifford, speaking for the court, declares the extent and effect of a judgment lien as follows: "Judgments were not liens at common law. . . . . Different regulations, however, prevailed in different States, and in some neither a judgment nor a decree for the payment of money, except in cases of attachment or mesne process, created any preference in favor of the creditor, until the execution was issued and had been levied on the land. Where the lien is recognized, it confers a right to levy on the

land to the exclusion of other adverse interests acquired subsequently to the judgment; but the lien constitutes no property or right in the land itself. . . . . Express decision of this court is that the lien of a judgment constitutes no property in the land; that it is merely a general lien, securing a preference over subsequently acquired interests in the property; but the settled rule in chancery is that a general lien is controlled in such courts so as to protect the rights of those who were previously entitled to an equitable interest in the lands, or in the proceeds thereof. Specific liens stand on a different footing; but it is well settled that a judgment creates only a general lien, and that the judgment creditor acquires thereby no higher or better right to the property or assets of the debtor than the debtor himself had when the judgment was rendered, unless he can show some fraud or collusion to impair his rights. Correct statement of the rule is that the lien of a judgment creates a preference over subsequently acquired rights, but in equity it does not attach to the mere legal title to the land as existing in the defendant at its rendition, to the exclusion of a prior equitable title in a third person. Guided by these considerations, the court of chancery will protect the equitable rights of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor had in the estate at the time the judgment was rendered." (*In re Howe,* 1 Paige, 125; 19 Am. Dec. 395; *Ells* v. *Tousley,* 1 Paige, 280; *Keirsted* v. *Avery,* 4 Paige, 15; *Lounsbury* v. *Purdy,* 11 Barb. 490; *Averill* v. *Loucks,* 6 Barb. 20.) These eminent authorities are cited and quoted from as forcibly expressing the legal effect of a judgment lien generally. The correctness of the views expressed is not questioned, so far as we are aware, throughout the whole range of authorities on this subject.

Notwithstanding this doctrine, if there is any provision in our statutes which changes the relative force of the judgment lien in the case at bar as against the prior acquired mortgage, then the latter must be postponed to the former as held by the trial court. It is insisted by counsel for respondent that a mortgage executed upon land in this State should not be regarded as a conveyance in the sense that applied to a mortgage at common law; that a mortgage on land, as known to

our statute, is a mere lien to secure the payment of money, and not a conveyance, as known to the common law. In support of this position, section 371 of the Code of Civil Procedure is cited, which provides as follows: "A mortgage of real property shall not be deemed a conveyance, whatever its term, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale." It is urged that this provision radically changes the character of a mortgage in this State from that incidental to a mortgage at common law, making the mortgage here simply a lien on land to secure the payment of money or the fulfillment of an obligation, which lien attaches at the time of filing of the mortgage for record, and not before. It is true that this provision of statute modifies the conditions of a mortgage in this jurisdiction to the extent of withholding from the mortgagee the right of possession of the mortgaged premises, upon the breach of the conditions of the mortgage, without first a foreclosure and sale. Nevertheless, a mortgage by our statute is declared to be a conveyance. Chapter 20 of the fifth division of our statutes provides the manner by which "conveyances of land, or any estate or interest therein, may be made, by deed signed by the person from whom the estate or interest is intended to pass;" and section 270 of that chapter provides: "The term 'conveyance,' as used in this chapter, shall be construed to embrace every instrument in writing by which any real estate, or interest in real estate, is created, alienated, *mortgaged,* or assigned, except wills, leases for a term not exceeding one year, and executory contracts for the sale or purchase of lands."

The mortgage in the case at bar is shown to have been executed in the manner provided in said chapter for the execution of "conveyances of land, or any interest therein," and this mortgage is to be deemed a conveyance in the meaning of that term as used in that chapter. By section 258 of said chapter, this conveyance is declared to be valid and binding as between the parties thereto without recording. Now, if that was a valid and binding conveyance of an equitable interest in said land, as between the plaintiff and her mortgagor, the mortgage interest had been effectually conveyed away prior to the attaching of the judgment lien on said land. In view of the doctrine

held by the authorities cited *supra,* the lien of the judgment, docketed subsequent to the conveyance of the mortgage interest, must have been subject to it. This would be so, not only in consequence of general principles of law, but strictly by the provisions of statute. The statute establishing the judgment lien, as before noticed, fixes the lien *on the real estate owned by the judgment debtor* in the county at the time of docketing the judgment, or afterward acquired. Hence, if a valid and binding conveyance of an interest has been made by the debtor, prior to the docketing of the judgment, then he did not own the interest so conveyed at the time of docketing the judgment, and the lien thereof could not attach to that which the judgment debtor did not own. It cannot be maintained that the failure to record a mortgage defeats it, or postpones it to the lien of a judgment creditor, unless such failure continues until after sale under execution and purchase, by one in good faith without notice. By section 259 of the chapter cited *supra,* it is provided that the filing of the instrument of conveyance "shall impart notice to all persons of the contents thereof, and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice." And again, in section 260 of the same chapter, it is provided that "every conveyance of real estate within this State hereafter made, which shall not be recorded as provided for in this chapter, shall be deemed void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any portion thereof, where his own conveyance shall be first duly recorded." Neither of these provisions, nor any others found in the statute, include judgment creditors so as to make the unrecorded mortgage void as against a judgment lien. This proposition is supported by numerous authorities where the statutory provisions are similar to those existing in this State. (*Wilcoxson* v. *Miller,* 49 Cal. 193; *Hunter* v. *Watson,* 12 Cal. 362; 73 Am. Dec. 543; *Packard* v. *Johnson,* 51 Cal. 545; *Galland* v. *Jackman,* 26 Cal. 80; 85 Am. Dec. 172; *Pixley* v. *Huggins,* 15 Cal. 128; *Thomas* v. *Vanlieu,* 28 Cal. 617; *Davis* v. *Ownsby,* 14 Mo. 170; 55 Am. Dec. 105; *Valentine* v. *Havener,* 20 Mo. 133; *Holden* v. *Garrett,* 23 Kan. 98; *Knell* v. *Green St. Bd. Assoc.* 34 Md. 66; *Ells* v. *Tousley, supra; Hackett* v. *Callender,* 32 Vt. 97; *Hart*

v. *Farmers' & M. Bank*, 33 Vt. 252; *Norton* v. *Williams*, 9 Iowa, 528.)

Contrary to the authorities cited *supra*, our attention is called to an observation of Mr. Freeman in his work on Judgments (3d ed. § 366), to the following effect: "In some States the registry laws so modify the effect of conveyances and other instruments concerning real estate, as to give a judgment lien precedence over an unrecorded instrument of which the judgment creditor had no knowledge at the date of attaching of the lien of his judgment." Also note 1 to this observation, in which the author says: "The tendency of recent statutes, and the decisions interpreting them, is to give a judgment lien precedence over a prior unregistered conveyance or encumbrance, especially if the plaintiff had no notice of it when his judgment was docketed or registered, or the levy of the writ made." In this connection respondent cites cases decided in the courts of last resort in the States of Texas, Virginia, West Virginia, and Georgia. To these citations might have been added cases decided in Massachusetts, Ohio, Illinois, Pennsylvania, and perhaps other States. But on examination of these decisions, and the statutes under which the same were made, we find provisions differing radically from those of our own State. In the States mentioned the courts were confronted by statutory provisions, which gave precedence to a judgment lien, as remarked by Mr. Freeman, either expressly or by fair implication, and the courts where these decisions are found were interpreting such statutes. The weight of these citations rather tends to confirm us in the opinion, that under our statute we could not fairly construe a judgment creditor's lien to be paramount to a *bona fide* mortgage, although not recorded at the time the judgment was docketed. It requires the force of statute to make a valid and *binding* unrecorded mortgage void as to the judgment creditor's lien, in like manner as it requires statutory provisions to make an unrecorded deed or mortgage void as to subsequent purchasers or mortgagees. It has been held in *Chumasero* v. *Vial*, 3 Mont. 376, that the purchaser at execution sale is governed by the rule, *caveat emptor*, and that if the judgment debtor was holding the legal title to real estate in trust for another, and such property was sold under execution against

the trustee, in that case the purchaser acquired no title. In *Mc-Adow* v. *Black*, 4 Mont. 475, it is held that "an execution creditor takes the property subject to any lien or equity that might be enforced against the judgment debtor." It is not an irresistible logical conclusion from these principles that a judgment lien attaches to the real estate of the judgment debtor, subject to any equities which might be enforced against the judgment debtor, and that such equities may be enforced also against the purchaser under the execution sale, with notice of such equities? We are of opinion that the court erred in concluding that the mortgage of appellant in the case at bar was inferior, and subject to the judgment lien of respondent, or the title of respondent to said real estate acquired by purchase at execution sale under said judgment, after having actual as well as constructive notice of respondent's mortgage on said premises.

We now come to the consideration of the second question involved in this appeal, namely, whether or not the trial court erred in the conclusion of law that the fractional portion of lots 1 and 2, of block 44, mentioned in the mortgage, were not sufficiently described, and for that further reason the mortgage should have no effect upon said portion of said lots as against the judgment lien of respondent. The complaint pleads the mortgage by setting it forth in its own terms. The descriptive portion in question is set forth in the mortgage as follows: "And sixteen feet of the north end of lots one (1) and two (2), in block forty-four (44), in said town of Miles City, according to the plat thereof filed for record," etc. The town, county, and State wherein the said lots are situate are fully set forth. The answer does not deny that the plaintiff's mortgage included some portion of lots 1 and 2, of block 44. The answer alleges that the sheriff sold the property described in the mortgage at public sale, and that "said premises, and the whole thereof, was sold to defendant." The answer further alleges that said Jacob F. Schmalsle was, at the time of docketing said judgment, the owner of the property in said mortgage set out and described, and the whole thereof." Among other findings of fact the record shows that the court found: "That at the time of the mortgage, and since, the defendant, Jacob F. Schmalsle, never owned any other property in said block 44 than the fractional

parts of lots 1 and 2 in said block, and as described in the mortgage."

It is contended by the appellant that as to said lots 1 and 2, of block 44, the descriptive language of the mortgage means sixteen feet in depth severed from the north end of said lots, or in other words, that the partition line severing plaintiff's portion of said lots under said mortgage would cross said lots sixteen feet from the north end thereof. On the other hand, respondent's counsel contends that the terms of the mortgage, "sixteen feet of the north end," may mean sixteen square feet. The pleadings do not call upon the court to correct any mistake or imperfection of the conveyance, or to make it conform to the intention of the parties thereto. If such an issue was involved, under the present state of the pleadings, and facts found, we should have no difficulty in drawing a conclusion as to the meaning of said descriptive terms, being guided by the provisions of sections 628 to 633 inclusive, of the Code of Civil Procedure. The plaintiff is apparently satisfied with the description as it stands in the mortgage. We think the court erred in concluding that the mortgage was void, in so far as it related to lots 1 and 2, of block 44, for uncertainty of description. The plaintiff is entitled in that respect to a foreclosure of her mortgage according to the description therein contained.

It is therefore ordered that the judgment of the court be reversed, and that judgment and decree of foreclosure of plaintiff's mortgage be entered in favor of plaintiff, on the facts found, to the effect that her mortgage lien stand precedent to respondent's claims upon said premises set up in this action, and to all other intents, in the manner provided by law and the practice in such cases.

BLAKE, C. J., and DE WITT, J., concur.